No. 96-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and
Respondent,

vs.

JAMES ALBERT
COONEY,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry G. Sehestedt, Missoula, Montana

For Respondent:

Robert L. þDustyþ Deschamps III, Missoula County Attorney, Fred Van
Valkenburg, Deputy Missoula CountyAttorney, Missoula, Montana; Joseph
P. Mazurek, Attorney General, John Paulson, Assistant Attorney
General,
Helena, Montana

Submitted on Briefs: March 20, 1997

Decided:  September 22, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from the Fourth Judicial District Court, Missoula County.  On June 26, 1996, the District Court entered an opinion and order denying Defendant Cooney's motion to dismiss both Count I, a charge of felony DUI, fourth offense, and Count II, a charge of driving while license suspended or revoked, a misdemeanor.  From this opinion and order, Defendant Cooney appeals.  We affirm in part, reverse in part and remand.

We restate the following issues raised on appeal:

1.   Did the District Court err in denying Defendant Cooney's motion to dismiss Count I, a charge of felony DUI, fourth offense?

2.   Did the District Court err in denying Defendant Cooney's motion to dismiss Count II, a misdemeanor charge of driving while license suspended or revoked?

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 1995, Defendant Cooney (Cooney) was arrested for driving while under the influence of alcohol (DUI).  Cooney's driving record indicated that he had previously been convicted of DUI in October 1984, September 1986 and July 1989.  Additionally, Cooney's driving record revealed that his Montana driver's license had been revoked on July 31, 1989, and had not been reinstated at the time he was arrested on December 16, 1995.  On February 15, 1996, an Information was filed charging Cooney with felony DUI, fourth offense, in violation of   61-8-401 and -714, MCA (1995), (Count I) and driving while license suspended or revoked, a misdemeanor, in violation of   61-5-212, MCA (1995), (Count II).  On February 23, 1996, Cooney entered pleas of not guilty to both charges.

On April 5, 1996, Cooney filed a motion to dismiss the charge of felony DUI, fourth offense (Count I), challenging the application of the felony DUI statute on ex post facto grounds and contending that his prior DUI convictions should have been expunged pursuant to the expungement provision of   61-8-714(5), MCA.  The State filed a brief in opposition and Cooney filed a reply brief.  While no transcript was filed on appeal, a minute entry indicates that on May 22, 1996, Cooney moved to change his pleas and entered a plea of guilty to Count I of the Information, reserving the right to appeal from an adverse ruling on his motion to dismiss.  Additionally, Cooney made an oral motion to dismiss Count II of the Information asserting that the charge violated the prohibition against ex post facto legislation, which the District Court denied.  Thereafter, Cooney also entered a plea of guilty to Count II, reserving the right to appeal the court's adverse

ruling. On May 23, 1996, Cooney entered a written plea of guilty and waiver of rights.

On June 26, 1996, the District Court entered an opinion and order denying both Cooney's motions to dismiss Count I and Count II. Subsequently, the District Court sentenced Cooney upon Count I to the Department of Corrections for a period of five years, suspending four years of the commitment upon certain conditions. As to Count II, the court imposed a concurrent sentence of six months. From the District Court's June 26, 1996 opinion and order, Cooney appeals. We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

STANDARD OF REVIEW

A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo. State v. Brander (1996), 930 P.2d 31, 33, 53 St.Rep. 1340, 1341 (citation omitted). Because the parties have raised no factual dispute concerning either Issue 1 or 2, we must only determine whether the District Court correctly interpreted the law when it denied Cooney's motions to dismiss.

DISCUSSION

1. Did the District Court err in denying Cooney's motion to dismiss Count I, a charge of felony DUI, fourth offense?

Section 61-8-714(5), MCA (1981), provided in part:

An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record. [Emphasis added.]

In 1989 the Montana Legislature amended 61-8-714(5), MCA, to provide that if, after five years, a defendant had no additional DUI convictions, the defendant's record would no longer be expunged, but rather the records and data relating to the prior DUI conviction would become confidential criminal justice information. Brander, 930 P.2d at 33-34 (citing 2, Ch. 476, L. 1989).

In 1995, the Montana Legislature amended 61-8-714, MCA, to include a felony sanction for repetitive DUI offenders, which provides in pertinent part:

(4) On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. [Emphasis added.]

In conjunction with this new subsection, the Legislature amended 61-8-714(6),

MCA, (formerly subsection (5)), to provide in pertinent part:

(6) An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, unless the

offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes. If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown. [First emphasis indicates newly added language; second emphasis added.]

In its June 26, 1996 opinion and order, the District Court denied Cooney's motion to dismiss the charge of felony DUI, fourth offense, rejecting both Cooney's ex post facto and expungement arguments. Relying on State v. Maldonado (1978), 176 Mont. 322, 578 P.2d 296, the District Court concluded that the application of 61-8-714(4) and (6), MCA (1995), did not violate the ban on ex post facto legislation because Cooney was not being punished again for his past conduct, but rather he was being punished for an offense he committed two months after the effective date of 61-8-714(4) and (6), MCA (1995), and, therefore, was only subjected to increased punishment for his present conduct.

The District Court also concluded that Cooney was not entitled to expungement of any of his three prior DUI convictions from his record. The District Court explained that Cooney's first two DUI convictions did not satisfy the expungement provision requirements of 61-8-714(5), MCA, because after each of his first two DUI convictions he was convicted of another DUI offense before five years had elapsed. Additionally, relying on State v. Lorash (1989), 238 Mont. 345, 777 P.2d 884, the District Court explained that Cooney was not entitled to have his July 31, 1989 DUI conviction expunged from his record because the expungement provision of 61-8-714(5), MCA, had been repealed on October 1, 1989, and, therefore, was no longer available. Furthermore, citing State v. Fitzpatrick (1980), 186 Mont. 187, 606 P.2d 1343, and State v. Coleman (1979), 185 Mont. 299, 605 P.2d 1000, the District Court determined that the 1989 changes made in 61-8-714(5), MCA (1989), were procedural or remedial in nature, and, therefore, the ban on ex post facto legislation did not apply. Based on the foregoing, the District Court held that Cooney was properly charged with felony DUI, fourth offense, in violation of 61-8-401, MCA.

Cooney argues that the District Court erred in denying his motion to dismiss the charge of felony DUI, fourth offense. While Cooney concurs with the State that, in light of Brander, this case should be remanded to the District Court, he still argues that the application of 61-8-714(4) and (6), MCA (1995), violated the ban on ex post facto legislation and that all three of his prior DUI convictions should have been expunged pursuant to the expungement provision of 61-8-714(5), MCA.

Cooney asserts that application of 61-8-714(4) and (6), MCA (1995), violates his right to be free from the application of ex post facto legislation, as guaranteed by

Article I, Section 10 of the United States Constitution and Article II, Section 31 of the Montana Constitution. Specifically, Cooney contends that the application of 61-8-714(4) and (6), MCA (1995), violates the two part test used to determine whether a law is ex post facto, which we adopted in State v. Leistiko (1992), 256 Mont. 32, 844 P.2d 97. First, Cooney asserts that 61-8-714(4) and (6), MCA (1995), are retrospective because they alter the legal consequences of the DUI offenses he committed before the statute's effective date. Second, Cooney asserts that 61-8-714(4) and (6), MCA (1995), are more onerous than prior law because they now allow consideration of prior DUI convictions which should have been expunged pursuant to the expungement provision of 61-8-714(5), MCA.

In this regard, Cooney argues that the District Court also erred in concluding that Cooney was not entitled to have his three prior DUI convictions expunged from his record. Rather, Cooney contends that because the expungement provision of 61-8-714(5), MCA, was the law in effect at the time he received each of his three DUI convictions, and because he had satisfied the expungement provision requirements, all three DUI convictions should have been automatically expunged. Cooney asserts that the purpose of the expungement provision of 61-8-714(5), MCA, was to reward a defendant for not receiving a DUI conviction for a five-year period by expunging from the defendant's record all prior DUI convictions, not just the most recent. Cooney distinguishes Infanger v. State (Mont. No. 96-564, January 9, 1997 Order), explaining that at no time did more than five years ever elapse between each of Infanger's DUI convictions and that three of his five DUI convictions were entered after the expungement provision had been repealed in 1989. In contrast, Cooney points out that, in the case at bar, all of his DUI convictions were entered at the time the expungement provision of 61-8-714(5), MCA, was in effect and he did not receive another DUI conviction during the five-year period following his 1989 DUI conviction. Consequently, Cooney argues that both his 1984 and 1986 DUI convictions should have been expunged.

Cooney also asserts that his July 31, 1989 DUI conviction should have been expunged pursuant to the expungement provision of 61-8-714(5), MCA (1987), because more than five years elapsed before he received his present DUI conviction. Cooney argues that the District Court incorrectly relied on Lorash to conclude that Cooney was not entitled to have his 1989 DUI conviction expunged from his record because the expungement provision of 61-8-714(5), MCA, had been repealed on October 1, 1989, and, therefore, was no longer available. Cooney contends that Lorash is not dispositive here because the expungement provision of 46-18-204, MCA, the statute at issue in Lorash, required that a defendant make a motion to have his prior conviction expunged, whereas, the expungement provision of 61-8-714(5), MCA, was self-executing. Furthermore, Cooney disagrees with the District Court's conclusion that, based on Coleman, the repeal of the expungement provision in 1989 was only procedural in

nature,
and, therefore, not subject to the ban on ex post facto legislation. Cooney claims that
the District Court misinterpreted our decision in Coleman. Cooney instead contends that
in Coleman we rejected the defendant's ex post facto arguments, not simply because the
statutory changes were procedural, but also because the changes were ameliorative and
did not deprive the defendant of any substantial right or immunity. Cooney also cites to
Weaver v. Graham (1981), 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17, arguing that
even if a statute alters provisions accorded only by the grace of the legislature, it still
violates the ban on ex post facto legislation if the statute is retrospective and more
onerous than prior law. Cooney asserts that here, unlike in Coleman, the 1989 changes
to  61-8-714(5), MCA, applied retroactively to keep Cooney's three prior DUI
convictions on his record as confidential criminal justice information, convictions that
should have been expunged under the prior law, and, therefore, these changes were not
ameliorative, but, rather, were more onerous than  prior law.

The State responds that our decision in Brander is dispositive, and, therefore, we
should remand this case to the District Court for reconsideration of its decision in light
of Brander. The State asserts that, in Brander, we rejected similar ex post facto
arguments, holding that  61-8-714(4) and (6), MCA (1995), did not violate the ex post
facto clauses of the federal or Montana constitutions. Therefore, the State argues that the
District Court properly rejected Cooney's ex post facto claim. However, the State argues
that, in Brander, we still held that the defendant was not properly sentenced under  61-8-
714, MCA (1995), because the defendant's 1986 DUI conviction should have been
expunged in 1991 pursuant to  61-8-714(5), MCA (1985), and, therefore, the district
court should not have considered this conviction when it sentenced the defendant for his
1995 DUI conviction. Consequently, the State essentially concedes that, based on our
rationale in Brander, Cooney's July 31, 1989 DUI conviction should be expunged from
his record. Yet, relying on Infanger v. State (Mont. No. 96-564, January 9, 1997
Order), the State maintains that Cooney's 1984 and 1986 DUI convictions should not be
expunged from his record because less than five years elapsed after each DUI conviction
before Cooney received another, and, therefore, his first two DUI convictions were not
eligible for expungement.

The State also asserts that in Brander we did not consider the effect of our decision
in Lorash and did not expressly consider whether the expungement provision of  61-8-
714(5), MCA, created a substantive right or a procedural remedy. Therefore, the

State suggests that we reconsider our decision in Brander. In the case at bar, the State argues that expungement is a procedural remedy, derived wholly from the statute authorizing it and may be extinguished by repeal of the statute. Furthermore, the State contends that our decision in Lorash implicitly recognizes the procedural or remedial nature of expungement. However, we note that the State retracted this argument in State v. Bowles (Mont. No. 96-418, decided September 22, 1997) and argued instead that in Brander we implicitly concluded that the expungement provision of 61-8-714(5), MCA (1981), created a vested substantive right that may only be applied prospectively to "prior" DUI convictions occurring after October 1, 1981, the effective date of 61-8-714(5), MCA (1981).

As to Cooney's ex post facto arguments concerning 61-8-714(4) and (6), MCA (1995), the State is correct that we rejected these same arguments in Brander. See Brander, 930 P.2d at 33-35. Nonetheless, under our analysis in Brander, because more than five years elapsed after Cooney's July 31, 1989 DUI conviction before he received a subsequent DUI conviction, his 1989 DUI conviction should have been expunged from his record in 1994, pursuant to 61-8-714(5), MCA (1987). See Brander, 930 P.2d at 35-37. However, as the State argues, Cooney's first two DUI convictions were never eligible for expungement pursuant to 61-8-714(5), MCA, because at no time did more than five years elapse before Cooney received an additional DUI conviction. See Brander, 930 P.2d at 35-37.

Furthermore, in State v. Bowles (Mont. No. 96-418, decided September 22, 1997), we distinguished Lorash based on the differences in the expungement provision requirements of 46-18-204, MCA, the statute at issue in Lorash, and of 61-8-714 (5), MCA (1981). Also, in State v. Reams (Mont. No. 96-605, decided September22, 1997), we addressed the nature and scope of the repealed expungement provision of 61-8-714(5), MCA (1981), explaining that we made no distinction in Brander as to whether this provision created a substantive or procedural right, but rather considered our decision in Brander better explained by the rationale referred to in State v. Fitzpatrick (1980), 186 Mont. 187, 606 P.2d 1343, and discussed in more detail in State v. Wilson (1996), 279 Mont. 34, 926 P.2d 712. Employing this same rationale in Reams, we concluded that any DUI conviction entered before October 1, 1989, the date the expungement provision was repealed, was automatically eligible for expungement if the elements of the expungement provision of 61-8-714(5), MCA, were satisfied.

Consequently, we hold that the District Court correctly concluded that Cooney was not subject to an ex post facto application of 61-8-714(4) and (6), MCA (1995). However, again based on our decision in Brander as well as our decisions in Bowles and Reams, we hold that the District Court incorrectly concluded that Cooney's 1989 DUI conviction could be counted to support the present charge of felony DUI, fourth offense,

and, therefore, the District Court erred in denying Cooney's motion to dismiss. Accordingly, we remand this issue for entry of an order dismissing the charge of felony

DUI, fourth offense.

2.    Did the District Court err in denying Cooney's motion to dismiss Count II, a misdemeanor charge of driving while license suspended or revoked?

Section 61-2-107(1), MCA (1987), provided:

Notwithstanding the provisions of any other law of the state, a driver's license that has been suspended or revoked under 61-5-205 or 61-8-402 may not be restored until the driver has paid to the department a fee of $50 in addition to any other fines, forfeitures, and penalties assessed as a result of conviction for a violation of the traffic laws of the state.  [Emphasis added.]

In 1989, the Montana Legislature amended  61-2-107(1), MCA, to provide:

Notwithstanding the provisions of any other law of the state, a driver's license that has been suspended or revoked under 61-5-205 or 61-8-402 must remain suspended or revoked until the driver has paid to the department a fee of $50 in addition to any other fines, forfeitures, and penalties assessed as a result of conviction for a violation of the traffic laws of the state.  [Emphasis indicates newly added language.]

In its June 26, 1996 opinion and order, the District Court denied Cooney's motion to dismiss Count II, a misdemeanor charge of driving while license suspended or revoked, in violation of  61-5-212, MCA (1995).  The District Court rejected Cooney's ex post facto claim explaining that as indicated by the legislative history of the 1989 amendment to  61-2-107(1), MCA, including the title of the 1989 Act that amended 61-2-107(1), MCA, as well as hearing testimony, the 1989 amendment to  61-2-107(1), MCA, merely clarified that a license suspension or revocation remained in effect until the license reinstatement fee was paid, and, therefore, did not amount to a substantive change in the statute.  Alternatively, the court determined that, even if the 1989 amendment changed the law, such a change related exclusively to a remedy or mode of procedure, and, therefore, Cooney still had no substantive right to rely on a one-year period of revocation.

Cooney explains that his Montana driver's license was revoked for one year effective July 31, 1989, the date of his third DUI conviction.  Cooney asserts that under 61-2-107(1), MCA (1989), his license remains revoked, whereas, under  61-2-107(1), MCA (1987), the law in effect at the time of Cooney's conviction, the "revoked" status of his license would have been removed no later than when his license would have expired by its own terms, whether he paid the fee or not.  Therefore, Cooney argues that the application of  61-2-107(1), MCA (1989), violates the ban on ex post facto legislation because  61-2-107(1), MCA (1989), is clearly more onerous than prior law.

Consequently, Cooney contends that, despite his failure to pay the required fee pursuant to  61-2-107(1), MCA (1987), his license would have simply expired by 1993, and,

therefore, he should not have been charged with driving while license suspended or revoked, a misdemeanor, in violation of 61-5-212, MCA (1995).

The State responds that, under our rationale in Brander, the District Court properly rejected Cooney's ex post facto argument because if, in fact, the 1989 amendments to 61-2-107(1), MCA (1987), did change the law, it did not change the consequences of Cooney's prior conduct, but rather put Cooney on notice of the consequences of any future violation of the law. Also, the State argues that the District Court properly concluded that the amendment was intended to clarify the law rather than change it substantively, and, therefore, did not violate the ban on ex post facto legislation. Consequently, the State asserts that under both versions of 61-2-107(1), MCA, Cooney was not permitted to avoid payment of the reinstatement fee after his license was revoked, regardless of how long he waited.

Based on our decision in Brander, we agree with the State that the District Court properly concluded that application of 61-2-107(1), MCA (1989), did not violate the ban on ex post facto legislation because this statute does not change the legal consequences of Cooney's prior conduct. Furthermore, looking to the plain language of both the 1987 and 1989 versions of 61-2-107(1), MCA, we conclude that the 1989 amendments to 61-2-107(1), MCA (1987), merely clarified that a period of suspension or revocation continues until a defendant pays the required fee. Here, because Cooney had not paid this fee prior to December 16, 1995, the date of his arrest, the revocation of his license was still in effect, and, therefore, he was properly charged with violating 61-5-212, MCA (1995). Accordingly, we affirm that part of the District Court's June 26, 1996 opinion and order denying Cooney's motion to dismiss Count II of the Information.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY