No.  96-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff  and
Appellant,

vs.

RAY LEWIS
BOWLES,

Defendant and Respondent.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tara DePuy, Park County Attorney, Livingston, Montana; Joseph P.
Mazurek,Attorney General, John Paulson, Assistant Attorney General,
Helena, Montana

For Respondent:

Jennifer Wendt Bordy, Bozeman, Montana

Submitted on Briefs: March 20, 1997

Decided:   September 22, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from the Sixth Judicial District Court, Park County.  On June 11, 1996, the District Court entered an order expunging a 1977 DUI conviction from Defendant Bowles' record and dismissing a fourth offense DUI felony charge against him.

From this order, the State appeals and Defendant Bowles cross appeals.  We affirm.  We address the following issue raised on appeal:

1.   Did the District Court err in concluding that Defendant Bowles' 1977 DUI conviction may not be used to support the charge of felony fourth-offense DUI?


Defendant Bowles also raises two issues by way of cross appeal:

2.   Was proper judicial determination of probable cause made by a neutral magistrate within 48 hours of Defendant Bowles' arrest?

3.   May a justice court require conditions of bail to be performed prior to release?


Because we affirm the District Court's order dismissing the DUI felony charge against Bowles in Issue 1, we decline to address the merits of Issues 2 or 3 at this time.

FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 1996, Defendant Ray Lewis Bowles (Bowles) was arrested for driving under the influence, driving without a valid license, and driving without mandatory insurance coverage.  While Bowles' driving record from the Montana Department of Justice contained only two prior DUI convictions (December 1995 and March 1996), Bowles' driving record filed with the Park County Sheriff's Office contained a third DUI conviction from September 1977.  Based upon Bowles' Park County driving record, an Information was filed on April 24, 1996, in the Sixth Judicial District Court, Park County, charging Bowles with driving a motor vehicle while under the influence of alcohol (DUI), fourth offense, a felony in violation of  61-8-401, MCA.

On April 29, 1996, Bowles filed a motion to dismiss the felony DUI charge.  On June 11, 1996, the District Court granted Bowles' motion to dismiss, without prejudice to file a misdemeanor charge, concluding that because Bowles' 1977 DUI conviction should have been expunged in 1982 under  61-8-714(5), MCA (1981), it could not now be counted to support a fourth offense felony DUI charge.  From this order, the State appeals and Bowles cross appeals.  We affirm.

STANDARD OF REVIEW

A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo.  State v. Brander (1996), 930 P.2d 31, 33, 53 St.Rep. 1340, 1341 (citations omitted).  Because the parties have raised no factual disputes, we must only determine whether the District Court correctly interpreted the law.

Based upon our decision in Brander, we hold that the District Court correctly concluded
that Bowles' 1977 DUI conviction should have been expunged in 1982 pursuant to 61-8-714(5), MCA (1981), and, therefore, the District Court properly dismissed the charge
of felony DUI, fourth offense.

DISCUSSION

1. Did the District Court err in concluding that Bowles' 1977 DUI conviction may not be used to support the charge of felony fourth-offense DUI?

Section 61-8-714(5), MCA (1981), provided in part:

An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record. [Emphasis added.]

In 1989 the Montana Legislature amended 61-8-714(5), MCA, to provide that if, after five years, a defendant had no additional DUI convictions, the defendant's record would
no longer be expunged, but rather the records and data relating to the prior DUI conviction would become confidential criminal justice information. Brander, 930 P.2d at 33-34 (citing 2, Ch. 476, L. 1989).

In 1995, the Montana Legislature amended 61-8-714, MCA, to include a felony sanction for repetitive DUI offenders, which provides in pertinent part:

(4) On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. [Emphasis added.]

In conjunction with this new subsection, the Legislature amended 61-8-714(6), MCA, (formerly subsection (5)), to provide in pertinent part:

(6) An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes. If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown. [First emphasis indicates newly added language; second emphasis added.]

In its June 11, 1996 Order, the District Court determined that under 61-8-714 (5),
MCA (1981), Bowles' 1977 DUI conviction was required to be expunged from his record in 1982. The District Court explained that this expungement provision required "a comprehensive destruction of all records or identifiable descriptors of the offense."
Further, the District Court distinguished State v. Lorash (1989), 238 Mont. 345, 777 P.2d 884, explaining that in Lorash we held that defendant could not challenge the constitutionality of 46-18-201, MCA, a statute prohibiting deferment of a

subsequent
felony conviction, because the defendant had failed to affirmatively request expungement
as required by 46-18-204, MCA (1987), and that expungement provision was no longer available to the defendant because it had been repealed before the defendant was sentenced for his present offense. The District Court explained that, here, unlike in Lorash, the expungement provision of 61-8-714(5), MCA (1981), was self-executing, and, therefore, expungement of Bowles' 1977 conviction from his record was required as a matter of course in 1982, despite the provision's subsequent repeal in 1989. The District Court, therefore, concluded that the State could not now under 61-8-714 (6), MCA (1995), use records maintained in violation of 61-8-714(5), MCA (1981), to support the felony DUI charge against Bowles. However, the District Court rejected Bowles' ex post facto argument because Bowles was charged in 1996 with felony DUI, fourth offense, under 61-8-714(6), MCA (1995), a statute in effect since October 1, 1995. Nonetheless, the District Court held that Bowles' 1977 DUI conviction could not be counted to support the current charge of felony DUI, fourth offense, and any other result would violate Bowles' rights to due process and equal protection. Consequently, the District Court granted Bowles' motion to dismiss.

The State argues that the District Court erred when it granted Bowles' motion to dismiss. The State asserts that the District Court too narrowly interpreted Lorash when it distinguished Lorash from the present case on the basis that the expungement provision at issue in Lorash required a defendant to affirmatively request expungement whereas the DUI expungement provision at issue here was self-executing. The State contends that the decision in Lorash was not based upon the defendant's failure to invoke the expungement procedure, but rather was based upon the unavailability of the procedure due to its repeal. Therefore, the State maintains that, just as in Lorash, Bowles is not entitled to have his 1977 DUI conviction expunged under 61-8-714(5), MCA (1981), because this expungement provision was repealed in 1989, and, therefore, is currently not available to him. Accordingly, the State asserts that Bowles' 1977 DUI conviction may presently be counted for purposes of charging him with felony DUI, fourth offense. Additionally, the State argues that it is unclear that 61-8-714(5), MCA (1981), was intended to apply to local judicial or law enforcement records, such as those maintained by Park County. The State asserts that unlike 46-18-204, MCA (1987), the statute at issue in Lorash, 61-8-714(5), MCA (1981), did not expressly direct the Montana Department of Justice or any state or local official to expunge Bowles' record.

Also, in contrast to 46-18-204, MCA (1987), the State contends that 61-8-714(5), MCA (1981), did not provide for dismissal of the underlying charge and that the legislative history concerning the repeal of this expungement provision in 1989 focused on the driving records of DUI defendants rather than judicial or law enforcement records.

Relying on Lancaster v. Dept. of Justice (1985), 218 Mont. 97, 706 P.2d 126, the State asserts that the Montana Department of Justice, Motor Vehicle Division, has a duty, independent of any judicial or law enforcement record-keeping duties, to maintain records of the convictions of licensees pursuant to 61-11-102(2), MCA. Therefore, the State contends that if the application of the expungement provision of 61-8-714(5), MCA (1981), was intended to be limited to a DUI offender's driving record, the continued maintenance of local judicial and law enforcement records would not be precluded. Thus, the State argues that Bowles' 1977 DUI conviction recorded in the Park County Sheriff's Office may be used to support the felony DUI charge against Bowles.

Finally, in its opening brief, the State argues that expungement is a procedural remedy, derived wholly from the statute authorizing it and may be extinguished by its repeal. However, in light of our decision in Brander, the State retracts this argument in its reply brief. Specifically, the State now argues that in Brander we implicitly concluded that the expungement provision of 61-8-714(5), MCA (1981), created a vested substantive right when we determined that the defendant was entitled to expungement of his 1986 DUI conviction in 1991, two years after the expungement provision of 61-8-714(5), MCA (1981), was repealed. Consequently, the State asserts that because this provision created a vested substantive right it may only be applied prospectively; that is, the expungement provision only applies to "prior" DUI convictions which occurred after October 1, 1981, the effective date of 61-8-714(5), MCA (1981). Therefore, the State contends that because Bowles' 1977 DUI conviction occurred before this date, he is not entitled to the expungement of his 1977 DUI conviction. Accordingly, based on the foregoing, the State argues that Bowles' 1977 DUI conviction may be counted to support the felony DUI charge against him and that the District Court erred in granting Bowles' motion to dismiss.

Bowles responds that the District Court properly concluded that his 1977 DUI conviction could not be used to enhance his DUI charge from a misdemeanor to a felony. Bowles agrees with the District Court that, unlike the statute at issue in Lorash, the expungement provision of 61-8-714(5), MCA (1981), was self-executing. Therefore, relying on Brander, Bowles contends that under 61-8-714(5), MCA (1981), his 1977 DUI conviction should have been expunged in 1982, as a matter of course, because he did not receive another DUI conviction during that five year period. Furthermore,

contrary to the State's argument, Bowles asserts that expungement of his 1977 DUI conviction should have occurred at all levels of authority including the records kept at the Park County Sheriff's Office. Accordingly, Bowles argues that the District Court properly granted his motion to dismiss. We agree.

First, contrary to the State's argument, we conclude that the District Court correctly distinguished Lorash from the case at bar. In Lorash, the district court convicted the defendant upon a guilty plea of criminal mischief for hitting and kicking another person's car and imposed a two-year suspended sentence pursuant to 46-18-201(6), MCA. The defendant on appeal, argued that 46-18-201(6), MCA, violated his right to due process under Article II, Section 17 of the Montana Constitution by prohibiting deferral of his current sentence because he had previously served a deferred sentence for a prior felony conviction. In concluding that the defendant's constitutional challenge to 46-18-201(6), MCA, was moot, we pointed out that the expungement provision of 46-18-204, MCA (1987), had been repealed in 1989 and was no longer available to the defendant who had failed to affirmatively request expungement, as required by 46-18-204, MCA (1987), during the time the expungement provision was in effect.

Section 46-18-204, MCA (1985), provided that if a defendant moved the district court to dismiss the charges against him after the termination of the time period of a deferred sentence, the district court was permitted to do so. Before Lorash was sentenced for criminal mischief, 46-18-204, MCA (1985), was amended in 1987 to permit a district court, upon dismissal of the charges, to order that the department of justice expunge the defendant's record. See 46-18-204, MCA (1987). This amendment was subsequently repealed in 1989 and replaced with instructions for a district court, upon dismissal of the charges, to order the department of justice to classify all records and data relating to the charge as confidential criminal justice information rather than to expunge them. See 46-18-204, MCA (1989).

We note that under 46-18-204, MCA, including its amendments in 1987 and 1989, it was critical that a defendant make a motion for his prior conviction to be dismissed and expunged. Lorash admitted at his sentencing hearing that he had not attempted to have his 1973 conviction dismissed or expunged pursuant to 46-18-204, MCA. Lorash, 777 P.2d at 885-86. Consequently, because Lorash never made this motion, his 1973 conviction was never dismissed and he lost the opportunity to request expungement of his 1973 conviction when the expungement provision was repealed in 1989. Here, however, 61-8-714(5), MCA (1981), did not require any affirmative action on a defendant's part, but rather was self-executing, and, as such, expungement of a prior DUI conviction was required as a matter of law after the lapse of a five-year period without another DUI conviction. Therefore, unlike in Lorash, the expungement provision of 61-8-714(5), MCA (1981), required as a matter of law that Bowles' 1977

DUI conviction be expunged.

Second, and again contrary to the State's argument, we conclude that the expungement provision of  61-8-714(5), MCA (1981), not only applied to a defendant's driving record but also to local judicial and law enforcement records as well.  In Brander, we explained that the plain and ordinary meaning of "expunge" is "[t]o destroy; blot out; obliterate; erase; efface designedly; strike out wholly.  The act of physically destroying information--including criminal records--in files, computers, or other depositories." Brander, 930 P.2d at 36 (citation omitted).  Therefore, we concluded that to expunge an offense from a defendant's record was to destroy all traces of the criminal process relating to the offense.  Brander, 930 P.2d at 36 (citations omitted).  We further distinguished the effect of this mandate to expunge an offense from a defendant's record as required by  61-8-714(5), MCA (1981), from instructions to classify a conviction in a defendant's record as confidential criminal justice information as required by 61-8-714(5), MCA (1989).  We explained that "[u]nlike expunged records which are completely destroyed, classification of records as confidential criminal justice information does not prevent a court from reviewing those records, but merely restricts the dissemination of those records to criminal justice agencies and others authorized by law." Brander, 930 P.2d at 36 (citations omitted).  Consequently, because the expungement provision of  61-8-714(5), MCA (1981), required that all traces of the criminal process relating to the prior offense should be destroyed, we agree with the District Court that the record of Bowles' 1977 DUI conviction located in the Park County Sheriff's Office was maintained in violation of  61-8-714(5), MCA (1981), and, therefore, could not be counted for the purposes of currently charging Bowles with felony DUI, fourth offense, pursuant to  61-8-714(6), MCA (1995).  Expungement of a criminal record requires the physical destruction of the record by whomever and in whatever depository the record is maintained.  See Brander, 930 P.2d at 36.

Finally, as to the State's argument that we implicitly concluded in Brander that the expungement provision of  61-8-714(5), MCA (1981), created a vested substantive right, and, therefore, could only be applied prospectively to "prior" convictions occurring after October 1, 1981, the statute's effective date, we rejected this argument in State v. Reams (Mont. No. 96-605, decided September 22, 1997).

Based on the foregoing, we hold that the District Court correctly concluded that Bowles' 1977 DUI conviction should have been expunged in 1982 pursuant to  61-8-714(5), MCA (1981), and, therefore, could not be used to support the charge of felony

fourth-offense DUI. Accordingly, we affirm the District Court's June 11, 1996 Order granting Bowles' motion to dismiss.

2. Was proper judicial determination of probable cause made by a neutral magistrate within 48 hours of Bowles' arrest?

On cross appeal, Bowles argues that a proper judicial determination of probable cause was never made by a neutral magistrate within 48 hours of Bowles' arrest, and, therefore, the District Court's Order granting Bowles' motion to dismiss, without prejudice to file a misdemeanor charge should be changed to a dismissal with prejudice.

Bowles asserts that although the District Court did not address this issue, this Court should, in the interest of judicial economy. The State responds that we should not address this issue which is presented as a cross appeal in the State's interlocutory appeal because Bowles has no right to appeal prior to a final judgment of conviction and sentence.

We agree with the State and decline to address the merits of this issue at this time because the District Court has not addressed it and because Bowles has not yet been charged with a misdemeanor. "This Court does not issue advisory opinions." State ex rel. Fletcher v. Dist. Court (1993), 260 Mont. 410, 419, 859 P.2d 992, 997 (citation omitted). Furthermore, if Bowles is charged with a misdemeanor, the District Court will then have the opportunity to rule on this issue in light of County of Riverside v. McLaughlin (1991), 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49; Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54; Whiteley v. Warden of Wyoming State Penitentiary (1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; and Sacco v. High County Independent Press, Inc. (1995), 271 Mont. 209, 896 P.2d 411.

3. May a justice court require conditions of bail to be performed prior to release?

Bowles also argues on cross appeal that the justice court erred in requiring Bowles to participate in an alcohol evaluation as a condition of his release from jail. The State again responds that we should not address this issue because Bowles has no right to cross appeal in the State's interlocutory appeal. Because we affirm the District Court's dismissal of Bowles' felony DUI charge in Issue 1, we decline to address the merits of this issue, at this time.

Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY