No. 03-665

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 44N

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

CARL EDWARD KERN,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 2002-270,
                    Honorable John W. Larson, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

       Christopher Daly, Attorney at Law, Missoula, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
       Assistant Attorney General, Helena, Montana

       Fred Van Valkenburg, County Attorney; Dale Mrkich, Deputy
       County Attorney, Missoula, Montana


                                  Submitted on Briefs:  April 13, 2004

                                      Decided:  February 22, 2005

Filed:

_____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Carl Edward Kern (Kern) appeals from the order of the Fourth Judicial District Court, Missoula County, denying his motion to reduce the felony charge of driving under the influence (DUI) to a misdemeanor. We affirm.

¶3     We address the following issue on appeal:

¶4     Did the District Court err in denying Kern's motion to reduce the felony DUI charge to a misdemeanor?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On July 6, 2002, Kern was charged with a DUI, a fourth or subsequent offense, which is a felony pursuant to § 61-8-401, MCA. Accordingly, Kern was charged by Information in the District Court and pleaded not guilty at his arraignment on October 10, 2002. Subsequently, Kern filed a motion to reduce the felony to a misdemeanor, asserting the present DUI charge was only his third offense for purposes of a felony designation. On April 23, 2003, the District Court issued an order denying Kern's motion to reduce the felony charge to a misdemeanor. The District Court relied on information from the National Criminal Information Center (NCIC) and the Presentence Investigation Report (PSI)

concerning Kern's previous DUI convictions.  Those reports listed Kern's prior DUI

convictions as follows:

**NCIC**
8-10-78    Kelso, WA
7-18-87    Billings, MT
1-19-88    Billings, MT
11-18-91   Missoula, MT

**PSI**
8-26-83    Billings, MT
7-1-87     Billings, MT
7-30-87    Billings, MT
8-1-87     Columbus, MT
1-19-88    Billings, MT
8-22-91    Missoula, MT
11-18-91   Missoula, MT

The District Court relied on *State v. Cooney* (1997), 284 Mont. 500, 945 P.2d 891, wherein

this Court discussed the history of § 61-8-714, MCA, and subsequent amendments thereto

beginning with the 1981 version of § 61-8-714(5), MCA, which provided:

> An offender is considered to have been previously convicted for the purposes
> of this section if less than 5 years have elapsed between the commission of the
> present offense and a previous conviction.  If there has been no additional
> conviction for an offense under this section for a period of 5 years after a prior
> conviction hereunder, then such prior offense **shall be expunged from the
> defendant's record**.  [Emphasis added.]

In 1989, the Montana Legislature amended § 61-8-714(5), MCA, to provide that if a

defendant has no additional DUI convictions after five years, the defendant's records and

data relating to prior DUIs would become confidential justice information and would no

longer be expunged.  *See also State v. Brander* (1996), 280 Mont. 148, 152, 930 P.2d 31, 33-

34.  The 1995 Montana Legislature amended § 61-8-714, MCA, to impose a felony sanction

3

for repetitive DUI offenders and also revised § 61-8-714(6), MCA, to address the use of prior DUI offenses for purposes of the felony DUI offense. As we have explained:

> An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, **unless the offense is the offender's fourth or subsequent offense**, **in which case all previous convictions must be used for sentencing purposes.** If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information []. [Emphasis added.]

*Cooney*, 284 Mont. at 503-04, 945 P.2d at 893.

¶6 Applying the pre-1989 version of § 61-8-714, MCA, the District Court concluded that Kern's August 10, 1978, DUI conviction should be expunged because Kern's next alleged DUI occurred over five years later in Billings, Montana, on August 26, 1983. Next, the District Court noted that the NCIC and PSI showed four convictions in 1987 that occurred within a period of one month. Of these four DUIs, the District Court opted to count only the July 30, 1987, DUI conviction, concluding it was reasonable to presume that the multiple reports of a DUI offense within the same time period indicated a single offense. Moreover, Kern had reported that the Clerk of the Municipal Court in Billings found a DUI conviction on record for July 30, 1987. The District Court also decided to count the January 19, 1988, and November 18, 1991, DUI convictions, which are reported in both the NCIC and PSI reports, pursuant to the rebuttable presumption of regularity explained in *State v. Okland* (1997), 283 Mont. 10, 941 P.2d 431. In sum, the District Court's conclusions as to Kern's prior DUI convictions were as follows:

4

**NCIC**
| | |
|---|---|
| 8-10-78 | Kelso, WA (expunged) |
| 7-18-87 | Billings, MT (not counted) |
| **1-19-88** | **Billings, MT (counted)** |
| **11-18-91** | **Missoula, MT (counted)** |

**PSI**
| | |
|---|---|
| 8-26-83 | Billings, MT |
| 7-1-87 | Billings, MT (not counted) |
| **7-30-87** | **Billings, MT (counted)** |
| 8-1-87 | Columbus, MT (not counted) |
| **\*1-19-88**[1] | **Billings, MT** |
| 8-22-91 | Missoula, MT |
| **\*11-18-91** | **Missoula, MT** |

Although the District Court did not specifically address the status of the August 26, 1983, and August 22, 1991, DUI convictions in determining the number of Kern's prior convictions, it nonetheless found that, "at a minimum," three DUI convictions could be recognized, thereby justifying the conclusion that the July 2, 2002, DUI charge was a fourth or subsequent violation.

¶7 Consequently, on June 12, 2003, Kern withdrew his plea of not guilty and entered a guilty plea and waiver of rights, but conditioned the guilty plea upon his right to appeal the District Court's denial of his motion to reduce the felony to a misdemeanor. On July 2, 2003, the District Court accepted Kern's guilty plea and sentenced him to thirteen months in the Department of Corrections for enrollment in the WATCH program, ordered Kern to

---

[1]The asterisk signifies those dates listed in both the NCIC and PSI reports.

register as a violent offender, and suspended Kern's sentence on the terms and conditions listed in the judgment.

¶8 On August 26, 2003, Kern filed a notice of appeal.

## STANDARD OF REVIEW

¶9 A district court has broad discretion in determining whether evidence is relevant and admissible. *State v. McCaslin*, 2004 MT 212, ¶ 15, 322 Mont. 350, ¶ 15, 96 P.3d 722, ¶ 15. We review a district court's evidentiary rulings to determine whether the district court abused its discretion. *State v. DuBray*, 2003 MT 255, ¶ 67, 317 Mont. 377, ¶ 67, 77 P.3d 247, ¶ 67. An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. Russette*, 2002 MT 200, ¶ 7, 311 Mont. 188, ¶ 7, 53 P.3d 1256, ¶ 7. Absent a showing of abuse of discretion, we will not overturn a court's evidentiary determination. *McCaslin*, ¶ 15.

## DISCUSSION

¶10 **Did the District Court err in denying Kern's motion to reduce the felony DUI charge to a misdemeanor?**

¶11 Kern claims that the felony charge should have been reduced to a misdemeanor DUI because the District Court improperly counted his previous DUIs. He argues that the District Court improperly counted the January 19, 1988, DUI, because he was in prison during the trial of that conviction, was not represented by counsel, and was not adequately advised of his rights. Hence, Kern explains that, similar to the defendant in *Okland,* his prior

6

convictions should not be used against him in counting toward a fourth DUI necessary for a felony charge.

¶12     The State first states that the January 19, 1988, conviction was properly counted because it was reported in both the PSI and NCIC reports, and the Clerk in Billings also had a record of this conviction.  Moreover, the State contends that Kern's challenge based on *Okland* is misplaced.  In *Okland*, this Court concluded that "even in the absence of a transcript or record, a prior conviction is presumptively valid and a defendant who challenges the validity of his prior conviction during a collateral attack **has the burden of producing direct evidence of its invalidity**."  *Okland*, 283 Mont. at 18, 941 P.2d at 436 (emphasis added).  The State contends Kern did not produce direct evidence to attack the validity of the January 19, 1988, DUI conviction, and therefore did not overcome the presumption of regularity.  Thus, the State contends the January 19, 1998, DUI conviction was properly counted.

¶13     In *State v. Kvislen*, 2003 MT 27, 314 Mont. 176, 64 P.3d 1006, we concluded, as we did in *Okland*, that: (1) a rebuttable presumption of regularity attaches to prior convictions; (2) the presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove, by direct evidence, that the prior conviction was not obtained in violation of the defendant's rights.  *Kvislen*, ¶ 10 (citing *Okland*, 283 Mont. at 18, 941 P.2d at 436).

¶14     Applying these principles to Kern's motion to reduce his charge to a misdemeanor, the District Court reasoned as follows:

> Kern notes that he was in prison during the trial and suggests that "mabey [sic] he had a valid defense but was prevented by the prison authorities from appearing to contest it." However, there is a rebuttable presumption of regularity. State v. Okland (1997), 283 Mont. 10. There, the Court stated, "even in the absence of a transcript or record, a prior conviction is presumptively valid and a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its invalidity." Clearly, a speculative suggestion that Kern may have had a valid defense does not overcome the presumption. Therefore the Court will count the January 1988 conviction.

In essence, the District Court counted the disputed conviction because of the failure of Kern to offer a legitimate argument supported by evidence to challenge the conviction. Kern's mere suggestion, which the District Court accurately described as being "speculative," that "mabey [sic] he had a valid defense" was not sufficient, pursuant to our holdings in *Okland* and *Kvislen*, to satisfy his burden of offering direct evidence that he was deprived of his right to be represented by counsel, which was necessary to overcome the presumption of validity attached to the January 19, 1988, DUI conviction. Therefore, the conviction was properly counted.

¶15    Additionally, Kern suggests that he presented overwhelming evidence sufficient to show "total confusion" as to his previous DUIs thereby leading to improper calculation of his previous DUIs. Kern contends he: (1) presented clear discrepancies between the NCIC and PSI reports that, including convictions and dismissals, showed eleven DUIs but only two were in common between the two reports; and (2) showed that there was no record in the Justice Court of Yellowstone County or the Municipal Court of Billings of the existence of five of the DUIs. Thus, Kern contends that this evidence is sufficient to shift the burden to the State pursuant to *Kvislen*. However, upon review of the record, we conclude that, despite

8

some conflicts in the evidence, the District Court's findings were supported by substantial evidence, and further, the court took pains to avoid counting any of Kern's prior convictions more than once.

¶16 Kern alternatively contends the January 19, 1988, conviction should have been expunged pursuant to this Court's analysis in *Cooney*, 284 Mont. at 508, 945 P.2d at 895, where we held that any DUI conviction prior to the October 1, 1989, amendment to the statute was automatically eligible for expungement if the elements of the expungement provision of § 61-8-714(5), MCA, were satisfied. This argument, however, fails because the "elements of expungement" require that a prior DUI may be expunged only if more than five years passed since the previous DUI. The only conviction, followed by a five-year period, prior to 1989, that would allow for expungement of previous DUIs would be Kern's first DUI on August 10, 1978, which was followed by his DUI on August 26, 1983, a period of five years and five days, and is the reason the District Court did not count the August 10, 1978, conviction. This argument is without merit with regard to the January 19, 1988, conviction.

¶17 Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER