No. 96-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JERRY WALTER BRANDER,

Defendant and Appellant.

FILED

DEC 12 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Edmund F. Sheehy, Cannon & Sheehy, Helena, Montana

        For Respondent:

        Joseph P. Mazurek, Attorney General, John Paulson,
        Assistant Attorney General, Helena, Montana; Michael
        T. Menahan, Deputy Lewis and Clark County Attorney,
        Helena, Montana


                    Submitted on Briefs:  November 21, 1996

                            Decided:  December 12, 1996

Filed:



                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an order of the First Judicial District Court, Lewis and Clark County, denying the defendant's motion to dismiss Count I of an Information filed against him. We reverse and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

Having waived preliminary examination of the same charges filed in Justice Court, Jerry Walter Brander (Jerry) was bound over to District Court and was subsequently charged by Information on November 24, 1995, with one count of driving or being in actual physical control of a motor vehicle while under the influence of alcohol (DUI), fourth offense, a felony, in violation of § 61-8-401, MCA[1], (Count I) and one count of driving while the privilege to do so is suspended or revoked, a misdemeanor, in violation of § 61-5-212(1), MCA, (Count II). These charges were alleged to have been committed on October 30, 1995, west of Helena, Montana, at the intersection of Highway 12 and Colorado Gulch Road. Jerry had been previously convicted of DUI on November 24, 1986, November 15, 1993 and May 5, 1994.

On January 4, 1996, Jerry filed a motion to dismiss Count I of the Information. As grounds for his motion, Jerry contended that the application of § 61-8-714(6), MCA, which became effective October 1, 1995, violated his constitutional right not to be subjected to *ex post facto* laws. The State opposed the motion, and

---

[1]Unless otherwise stated, all statutory citations are to the 1995 version of the Montana Code Annotated.

2

on February 9, 1996, following the submission of briefs, the District Court issued its memorandum and order denying Jerry's motion to dismiss.

On February 22, 1996, Jerry entered a plea of guilty to the charges, reserving his right to appeal the court's denial of his motion. Section 46-12-204(3), MCA. On May 16, 1996, the District Court sentenced Jerry to the Montana Department of Corrections for ten years, with five years suspended on conditions, for the felony DUI conviction and to a six-month jail term, suspended on conditions, for the misdemeanor charge. This appeal followed.

## Discussion

The issue on appeal is whether the District Court erred in denying Jerry's motion to dismiss.

There are no facts in dispute. Whether the *ex post facto* clauses of the federal and Montana Constitutions are implicated in charging a criminal offense is a question of law. Therefore, our review is plenary; we simply determine whether the District Court's interpretation of the law is correct. See State v. Schnittgen (Mont. 1996), 922 P.2d 500, 503, 53 St.Rep. 710, 712 (citations omitted). Moreover, even without the constitutional question, the grant of or denial of a motion to dismiss in a criminal case is a question of law which is subject to *de novo* review. See City of Helena v. Danichek (Mont. 1996), 922 P.2d 1170, 1172, 53 St.Rep. 767, 768 (citing State v. Hansen (1995), 273 Mont. 321, 323, 903 P.2d 194, 195).

By way of background, the 1995 Montana Legislature enacted

3

comprehensive revisions to Montana's laws prohibiting driving after having consumed intoxicating amounts of alcohol. See Chs. 447, 546 and 567, L. 1995. Among other changes, the Legislature created a felony sanction for repetitive DUI offenders. A new subsection, § 61-8-714(4), MCA, provides:

> On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. Except as provided in subsection (8), notwithstanding any provision to the contrary providing for suspension of execution of a sentence imposed under this subsection, the imposition or execution of the first 6 months of the imprisonment sentence imposed for a fourth or subsequent offense may not be suspended.

In implementing this sanction, the Legislature also amended § 61-8-714(6), MCA, (formerly subsection (5)). This subsection now provides, in pertinent part:

> An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, *unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes.* If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown. [Italics indicates newly added language; minor style changes in the last sentence are not italicized.]

Section 8, Ch. 447, L. 1995, effective October 1, 1995.

At the time of Jerry's DUI conviction on November 24, 1986, § 61-8-714(5), MCA (1985), provided, in pertinent part:

> An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the

4

present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record.

The 1989 Legislature amended § 61-8-714(5), MCA, to provide, as subsection (6) does now, that after 5 years, there being no additional DUI convictions, records and data related to a prior DUI conviction would become confidential criminal justice information, rather than the conviction being expunged. Section 2, Ch. 476, L. 1989. The significance of this amendment is explained below.

Jerry argued before the trial court, and now argues on appeal, that prior to October 1, 1995, his November 24, 1986 DUI conviction could not have been counted on or after five years from the date of that conviction--i.e., on or after November 24, 1991. Jerry further argues that because the 1986 conviction was no longer countable as a DUI conviction at the time he was charged in November 1995, resurrecting the earlier conviction for purposes of charging and sentencing his latest DUI as a felony violates his constitutional guarantee from the application of *ex post facto* laws. Jerry contends that counting the 1986 DUI conviction is an *ex post facto* application of law because counting the earlier conviction makes more burdensome the punishment for the 1986 crime after its commission.

Jerry argues that the two-part test which we adopted in State v. Leistiko (1992), 256 Mont. 32, 844 P.2d 97, to determine whether a law is *ex post facto*, is violated. He maintains that application of § 61-8-714(6), MCA, violates the *ex post facto* ban because

5

first, the 1995 amendment is retrospective in that it changes the legal consequences of the 1986 DUI conviction and second, he was disadvantaged by his inability to foresee, in 1986, that his conviction could be used against him some nine years later to subject him to a possible ten-year prison sentence.

The District Court rejected Jerry's interpretation of the law. Basing its decision on Leistiko, State v. Maldonado (1978), 176 Mont. 322, 578 P.2d 296, and Gryger v. Burke (1948), 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed 1683, the court concluded that § 61-8-714(6), MCA, being in effect at the time Jerry committed the instant DUI, was not an additional penalty for the 1986 DUI, but rather put Jerry on notice that if he committed the offense of DUI, he would be subject to increased punishment. We agree with the District Court's legal conclusion based on the ex post facto argument advanced by Jerry in that court.

Ex post facto laws are prohibited by Article I, Section 10 of the United States Constitution and by Article II, Section 31 of the Montana Constitution. We have stated that:

> [A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.

State v. Suiste (1993), 261 Mont. 251, 253, 862 P.2d 399, 400 (quoting Leistiko, 844 P.2d at 99-100 (quoting Beazell v. Ohio (1925), 269 U.S. 167, 169-70, 46 S.Ct. 68, 68, 70 L.Ed. 216-17)).

In Leistiko, we observed that banning ex post facto legislation serves two purposes: (1) it entitles people to a fair

6

warning of what conduct is punishable; and (2) it prevents federal and state governments from passing arbitrary and potentially vindictive laws. Leistiko, 844 P.2d at 100. To determine whether a statute violates the prohibition against *ex post facto* legislation, we determine, first, whether the law is retrospective in nature--i.e., whether it changes the legal consequences of actions committed before its effective date. Leistiko, 844 P.2d at 100 (citing Miller v. Florida (1987), 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360-61). Second, we determine whether the law disadvantages the offender affected by it--i.e., is the law more burdensome than the previous law. Leistiko, 844 P.2d at 100 (citing Dobbert v. Florida (1977), 432 U.S. 282, 294, 97 S.Ct. 2290, 2299, 53 L.Ed.2d 344, 357).

In Maldonado, we adopted the reasoning of the U.S. Supreme Court in Gryger. In Gryger, the defendant claimed that his being charged as a habitual offender under a statute which allowed consideration of a conviction occurring before the habitual offender statute was enacted was unconstitutionally retroactive and *ex post facto*. Gryger, 334 U.S. at 729. The Court disagreed, holding that consideration of the prior conviction was proper in sentencing under the new statute as the current sentence was not an additional penalty for the earlier crime, but, rather, was "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Gryger, 334 U.S. at 732. Citing this language from Gryger in Maldonado, we rejected the defendant's similar challenge to the application of an amended

7

persistent felony offender statute which took into consideration a conviction occurring prior to the effective date of the amendment. We stated:

> The law did not punish defendant for past conduct, but merely notified defendant he was subject to increased punishment, if he in the future committed an additional felony crime.

Maldonado, 578 P.2d at 300.

The fallacy of Jerry's position, however, is that the increase in punishment at issue here is a consequence of his present offense only and this enhancement neither punishes any previous conduct nor increases the penalty for any prior conviction of DUI. In point of fact, the enhancement of Jerry's present DUI to felony status is nothing more nor less than current punishment for his repetitive drunk driving offense. That Jerry's prior behavior is taken into account in charging the current offense as a felony rather than as a misdemeanor does not, without more, constitute *ex post facto* legislation. As we pointed out in State v. Coleman (1979), 185 Mont. 299, 605 P.2d 1000, "[s]imply because a statute operates on events antecedent to its effective date does not make the statute *ex post facto*, nor does such operation make a law prohibitively retroactive." Coleman, 605 P.2d at 1010 (citing Calder v. Bull (1798), 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 and Cox v. Hart (1922), 260 U.S. 427, 435, 43 S.Ct. 154, 67 L.Ed. 332).

Rather, what is critical is that the sanctions of § 61-8-714, MCA, apply only to Jerry's present offense, committed following the effective date of the statutes under which he was charged and sentenced. While Jerry may not have foreseen in 1986 a change in

8

the law in 1995, at the time he committed the instant offense of DUI on October 30, 1995, he was without question on notice that his prior DUI convictions would be considered for charging and sentencing purposes as regards his driving under the influence on that date. That the Legislature chose to punish his repetitive behavior more severely, does not impose a new penalty for an earlier crime. <u>Maldonado</u>, 578 P.2d at 300. Jerry had fair warning of what conduct was punishable, and he makes no showing that the Legislature amended § 61-8-714, MCA, arbitrarily or for vindictive purposes. The 1995 amendments to this statute do not change the legal consequences of actions committed prior to October 1, 1995, nor does the present law disadvantage Jerry by imposing an additional burden on his prior conduct that was not present when his earlier DUIs were committed. <u>Leistiko</u>, 844 P.2d at 100.

Accordingly, we hold that the District Court correctly concluded that the application of § 61-8-714(6), MCA, did not violate the *ex post facto* clauses of the federal or Montana Constitutions. That does not end our inquiry, however. Under the circumstances of this case, Jerry still was not properly charged with felony DUI, and the information filed against him should have been dismissed.

While not articulated in a particularly clear fashion, Jerry nevertheless, maintained in the District Court and on appeal that he could not be charged with felony DUI because it was improper to count his November 24, 1986 DUI conviction. Unfortunately, because of the way it was presented both to the trial court and to this

9

Court, the significance of this contention tends to get lost in Jerry's *ex post facto* argument, which we have concluded is not meritorious.

In his argument, Jerry distinguishes Gryger and Maldonado on the basis that in neither of those cases was the defendant convicted under an earlier statute which provided that--at least after a certain cut-off date--the conviction could not be used against him. Jerry argues that because the record of his November 24, 1986 conviction was "expunged" under § 61-8-714(5), MCA (1985), that conviction could not be counted as a conviction for purposes of charging and sentencing him under § 61-8-714(6), MCA, for felony DUI committed October 30, 1995. In support of this argument, he cites State v. Gladue (1984), 209 Mont. 235, 679 P.2d 1256 (charges subsequently dismissed under a deferred imposition of sentence cannot be counted as a "conviction" for persistent felony offender designation), and 42 Op. Att'y Gen. 384 (1988). He argues that the only way to give meaning to the word "expunged" is to prohibit counting the 1986 conviction as being *ex post facto*.

As we explained above, the District Court's consideration of Jerry's previous DUI convictions was not *ex post facto* application of the law. Therefore, we disagree that the only way to give meaning to the word "expunged" is to ban consideration of the 1986 DUI conviction based on *ex post facto* grounds. However, we do agree that because Jerry's 1986 DUI conviction was to be expunged under § 61-8-714(5), MCA (1985), the law in effect at the time of his 1986 DUI conviction, the November 24, 1986 conviction no longer

10

exists, and, therefore, cannot be considered for purposes of § 61-8-714(6), MCA.

Section 61-8-714(5), MCA (1985), states in part that "[i]f there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then <u>such prior offense shall be expunged from the defendant's record</u>." [Emphasis added.] The word "expunge" is not defined in Montana statutes or case law, with the exception of one Attorney General opinion, which, while defining "expunge" for the purposes of a different Montana statute, is consistent with our discussion herein. See 42 Op. Att'y Gen. 384 (1988). Therefore, to interpret § 61-8-714(5), MCA (1985), we look first to the plain meaning of the words that this statute contains. That is, we will interpret the statutory language by "giving words their usual and ordinary meaning." Werre v. David (1996), 275 Mont. 376, 385, 913 P.2d 625, 631 (citation omitted).

The plain and ordinary meaning of expunge is "[t]o destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information--including criminal records--in files, computers, or other depositories." Black's Law Dictionary at 582 (6th ed. 1990). Therefore, the term expunge "impli[es] not a legal act, but a physical annihilation." K. v. K. (N.Y. Sup. Ct. 1984), 483 N.Y.S.2d 602, 604. Consequently, by expunging an offense from the defendant's record, all traces of the criminal process relating to this offense are destroyed. Commonwealth v. Roberts (Mass. App. Ct. 1995), 656 N.E.2d 1260

11

(citing Police Commr. of Boston v. Municipal Court of Dorchester Dist. (Mass. 1978), 374 N.E.2d 272).

As we noted above, in 1989, the Legislature amended § 61-8-714(5), MCA, by substituting the language of expungment with language directing that a prior DUI conviction be classified as confidential criminal justice information, if after 5 years the defendant has no additional DUI convictions. Section 2, Ch. 476, L. 1989. The distinction between a mandate to expunge an offense from the defendant's record and instructions to classify certain conviction records as confidential criminal justice information is significant. Most importantly, this distinction determines whether a court may consider a prior DUI conviction for calculating penalties under § 61-8-714(6), MCA. Unlike expunged records which are completely destroyed, classification of records as confidential criminal justice information does not prevent a court from reviewing those records, but merely restricts the dissemination of those records to criminal justice agencies and others authorized by law. Sections 44-5-103(3), 44-5-103(7) and 44-5-303, MCA. Therefore, while a court cannot review expunged records because those records effectively do not exist, a court is in no way restricted from reviewing criminal records simply because those records are classified as confidential. See § 44-5-303, MCA.

We note, however, that § 61-8-714(5), MCA (1985), was in effect when Jerry was convicted of his first DUI on November 24, 1986. Accordingly, because Jerry's second DUI conviction did not occur until November 15, 1993, his 1986 DUI conviction should have

12

been expunged--i.e., destroyed--on November 24, 1991. Section 61-8-714(5), MCA (1985). Therefore, the District Court should not have considered the 1986 conviction when it sentenced Jerry for his October 30, 1995 DUI. Having been expunged from his record, the 1986 conviction did not exist after November 24, 1991.

While the District Court did not err when it considered Jerry's November 15, 1993 and May 5, 1994 DUI convictions under § 61-8-714(6), MCA, the District Court did err when it also considered Jerry's expunged November 24, 1986 DUI conviction. Accordingly, we hold that the trial court did not err in denying Jerry's motion to dismiss Count I of the information based upon *ex post facto* grounds. However, we hold that the District Court did err when it specifically considered Jerry's expunged November 24, 1986 DUI conviction under § 61-8-714(6), MCA.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

13