FILED

August 4 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0280

DA 14-0280

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 221

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

TIFFANY LYNN JOHNSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 12-674
Honorable George W. Huss, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Haley W. Connell, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

          Scott Twito, Yellowstone County Attorney, Christopher Morris, Deputy
County Attorney; Billings, Montana

Submitted on Briefs:  June 17, 2015
Decided:  August 4, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Tiffany Lynn Johnson appeals the order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion to dismiss her fourth-offense charge of driving under the influence (DUI), a felony, or, alternatively, to amend the charge to a misdemeanor. We affirm.

¶2 We restate the issue on appeal as follows:

*Whether Johnson was entitled to have the District Court consider her affidavit yet still refuse to testify regarding the contents of the affidavit.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On November 2, 2012, the State filed an affidavit and motion for leave to file information, alleging that Johnson had committed the offenses of DUI and criminal endangerment. The State's motion asserted that Johnson had three prior convictions: (1) DUI in June 2003[1] in Park County (Livingston City Court); (2) operating a motor vehicle with a blood-alcohol content of 0.08% or higher (DUI per se) in April 2009 in Carbon County; and (3) DUI in February 2010 in Carbon County. Because of Johnson's three prior DUI convictions, her current DUI charge was a fourth-offense felony pursuant to § 61-8-731, MCA. On November 5, 2012, Johnson was charged by information with one count of fourth-offense DUI, a felony, and one count of criminal endangerment, a felony. The information was later amended to include an alternate charge of DUI per se. The District Court granted the State's motion to dismiss the charge of criminal endangerment

---

[1] The State's motion erroneously identified Johnson's Livingston City Court conviction as occurring in 2006. The date of the conviction is not relevant to our disposition.

and held a bench trial on August 19, 2013. On August 21, 2013, the District Court found Johnson guilty of DUI per se, fourth-offense, a felony.

¶4 Prior to sentencing, Johnson filed a motion to dismiss the felony DUI charge, or alternatively, to amend the charge to a misdemeanor. Johnson's motion and supporting affidavit asserted that her 2003 DUI conviction in Livingston City Court was constitutionally infirm because she was not told during these proceedings that she had a right to an attorney if she could not afford one. Therefore, Johnson argued that the 2003 DUI could not be used to enhance her current DUI charge to a felony.

¶5 On February 27, 2014, the District Court held an evidentiary hearing on Johnson's motion. The only evidence Johnson presented in support of her motion was her affidavit, which was admitted without objection, and she called no witnesses to testify on her behalf. The State then called Johnson to testify. Johnson's counsel objected, arguing that Johnson had a right to remain silent. Johnson's counsel stated: "I did not advise her that she was going to be subject to being cross-examined today." The District Court overruled the objection, holding that the State had a right to cross-examine Johnson because she submitted an affidavit in support of her motion, which was effectively testimony. The District Court limited the State's cross-examination to the contents of Johnson's affidavit.

¶6 When asked about the 2003 proceeding in Livingston City Court, Johnson testified at the hearing: "I went up in front of a judge, normal proceeding, just like, you know, you do in every courtroom, and I pled guilty to it. I do not recall being read my rights or being offered any legal representation at that point." Johnson was unable to provide

3

other specifics of the proceeding, other than recalling that she told the judge about the events which led to her 2003 DUI charge and that she pled guilty to DUI.

¶7    The State presented court records from the 2003 DUI proceedings in Livingston City Court and called retired Livingston City Court Judge and Justice of the Peace Deanna Egeland to testify. Judge Egeland clerked for Judge Travis, the judge who presided over Johnson's 2003 DUI case, and she was present for Johnson's appearance in Livingston City Court. In the "Court Minutes–Sentencing Order," a check was next to the line "Defendant Orally Waived Counsel." Although Judge Travis did not sign the bottom of the Minutes, Egeland testified that she recognized Judge Travis' handwriting on the form. The bottom of the "Notice to Appear and Complaint" for the DUI charge included Judge Travis' signature, and a record of Johnson's guilty plea.

¶8    The District Court denied Johnson's motion to dismiss the felony or amend the charge to a misdemeanor DUI. On March 20, 2014, the District Court issued a judgment stating that Johnson was guilty of DUI per se, a felony. Johnson was sentenced to a 13-month commitment to the Department of Corrections (DOC), a three-year suspended DOC commitment to run consecutively with the first commitment, and a $1,000 fine.

¶9    Johnson appeals the denial of her motion to dismiss or amend.

## STANDARDS OF REVIEW

¶10   For questions regarding constitutional law, our review is plenary. *State v. Rogers*, 2013 MT 221, ¶ 23, 371 Mont. 239, 306 P.3d 348. "Whether a prior conviction may be used for sentence enhancement is generally a question of law, for which our review is de novo." *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64. We will not

4

disturb findings of fact used to determine whether a prior conviction is invalid unless such findings are clearly erroneous. *Maine*, ¶ 12. "A trial court's findings are clearly erroneous if they are not supported by substantial evidence, if the court has misapprehended the effect of that evidence, or if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made." *State v. Walker*, 2008 MT 244, ¶ 9, 344 Mont. 477, 188 P.3d 1069.

## DISCUSSION

¶11     *Whether Johnson was entitled to have the District Court consider her affidavit yet still refuse to testify regarding the contents of the affidavit.*

¶12     Johnson argues that submitting an affidavit to the court did not waive her right to remain silent because an affidavit is distinguishable from actively testifying in court for purposes of maintaining her right to remain silent.[2]  Johnson argues that, by definition, an affidavit is different from oral testimony, noting that the statutory definition of "affidavit" is, "a written declaration under oath, made without notice to the adverse party." Section 26-1-1001, MCA.   Johnson notes that the Ninth Circuit has observed that "[t]estimony presented by affidavit is different from testimony orally delivered, because the affiant is not subject to cross-examination."  *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).

¶13     We have not previously addressed whether a criminal defendant's submission of an affidavit constitutes a waiver of the right to remain silent.  We have previously held,

---

[2] Johnson cites both Article II, Section 25 of the Montana Constitution and the Fifth Amendment of the United States Constitution.  For purposes of deciding the issue before us, our analysis is the same under both provisions.

however, that a defendant "could not take the stand to testify in her own behalf and also claim the right to be free from cross-examination on matters raised by her own testimony on direct examination." *State v. Wilson*, 193 Mont. 318, 325, 631 P.2d 1273, 1277 (1981) (quoting *Brown v. U.S.*, 356 U.S. 148, 156, 78 S. Ct. 622, 627 (1958)). We later extended this premise to submission of testimony via an expert witness: "A defendant cannot put before the jury his version of events through expert psychological testimony and refuse to answer questions from the State's expert regarding those same events." *Park v. Mont. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 38, 289 Mont. 367, 961 P.2d 1267. The State argues that there is no functional distinction between sworn statements submitted to the court by affidavit and sworn statements given by oral testimony. As it pertains to the circumstances of the case before us, we agree.

¶14 Johnson was called to testify at an evidentiary hearing at which she had both the burden of production and the burden of persuasion to establish the constitutional infirmity of her 2003 DUI conviction. *Maine*, ¶ 34. Johnson was required to provide direct evidence in support of her motion. *Walker*, ¶ 13. The only evidence she submitted was her affidavit attesting to her recollection of the proceedings in the 2003 DUI conviction. Johnson's statements in her affidavit were not to some ancillary matter; they provided the very basis for her motion. The purpose of the hearing was to assess the merits of Johnson's motion. That purpose is defeated if the District Court was to consider Johnson's substantive statements regarding the dispositive issue of the motion and then deny the State the opportunity to challenge these statements by cross-examination. In *Wilson*, we expressly disallowed the defendant's attempt to "take the stand to testify in

6

her own behalf and also claim the right to be free from cross-examination on matters raised by her own testimony on direct examination." *Wilson*, 193 Mont. at 325, 631 P.2d at 1277. It makes no sense to allow a defendant to accomplish this same objective simply by submitting an affidavit in lieu of direct testimony.

¶15 Johnson argues that the District Court's forced testimony prejudiced her because "[i]t is clear from the district court's Findings of Fact, Conclusions of Law, and Order that Ms. Johnson's testimony was the basis for the court's denial of her Motion to Amend." Johnson notes that once she was ordered to testify, the District Court "found that her testimony undermined her credibility." Johnson argues, therefore, that we should remand this matter to the District Court to issue new findings of fact, conclusions of law, and an order, giving no consideration to her oral testimony. This argument is without merit.

¶16 The District Court correctly concluded that Johnson could not submit an affidavit without being subject to cross-examination as to the affidavit's contents. When Johnson then attempted to invoke her right to remain silent after submitting her affidavit, the District Court was faced with one of two options: (1) compel Johnson to testify, or (2) strike her affidavit. The District Court compelled Johnson's testimony, found it undermined her credibility, and denied her motion. If, instead, the District Court struck Johnson's affidavit, her motion would still have been denied, since her affidavit was the only evidence she presented in support of her motion. Since Johnson's motion would have been denied in either situation, she suffered no prejudice from the District Court compelling her to testify.

7

**CONCLUSION**

¶17 The District Court correctly concluded that Johnson could not submit an affidavit regarding the circumstances of her previous DUI conviction without being subject to cross-examination as to the contents of the affidavit. Johnson was not prejudiced by the District Court compelling her to testify regarding her statements made in the affidavit. The Order of the District Court is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT

Justice Jim Rice, concurring.

¶18 I concur with the Court's decision, but would reach the decision by way of a different analysis. Johnson's challenge to her 2003 DUI conviction is not a criminal proceeding. Rather, it is a postconviction collateral attack. *See Maine*, ¶¶ 29, 31, 33. As such, Johnson's challenge is a civil proceeding. *State v. Bromgard*, 285 Mont. 170, 175, 948 P.2d 182, 185 (1997) ("A post-conviction relief procedure is civil in nature . . . ."). Johnson bore the burden of proof in the proceeding. *Maine*, ¶ 34 ("as the moving party, the ultimate burden of proof—which includes both the burden of production and the burden of persuasion—shall be on the *defendant*, who must prove by a preponderance of the evidence that the conviction is *invalid*"). Johnson's challenge to the prior conviction

8

required that she be subject to examination about her civil claim as a litigant and witness, without regard to protections afforded a defendant in a criminal proceeding.


/S/ JIM RICE