DA 14-0596

FILED

January 26 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0596

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 21

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ANTHONY PHILLIP HANCOCK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-13-214
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Haley Connell, Assistant Appellate Defender, Helena, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Brenda Elias, Assistant
Attorney General, Helena, Montana

    John Parker, Cascade County Attorney, Ryan Ball, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  October 7, 2015

Decided:  January 26, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Anthony Phillip Hancock appeals from the order of the Montana Eighth Judicial District Court, Cascade County, denying his motion to dismiss his 1999 DUI conviction for constitutional infirmity.  We affirm but remand for correction of a clerical error in the judgment.

¶2     We address the following issues:

¶3     *Issue one:  Did the District Court err by denying Hancock's motion to dismiss a DUI conviction based on his claim that his 1999 DUI conviction, used to support the felony charge, was constitutionally infirm?*

¶4     *Issue two:  Did the District Court err by stating that Hancock was convicted of a DUI rather than a DUI per se?*

### PROCEDURAL AND FACTUAL BACKGROUND

¶5     On May 22, 2013, the State charged by Information Anthony Phillip Hancock ("Hancock") with driving under the influence of alcohol fourth or subsequent offense ("DUI"), a felony.  Section 61-8-731, MCA.  The Information provided that Hancock had been convicted of DUI offenses on three previous occasions, once in 1999 and twice in 2004.

¶6     On August 19, 2013, Hancock filed a motion to dismiss the 1999 DUI conviction in Great Falls Municipal Court, alleging that his constitutional right to counsel was violated in that proceeding.  In addition to his brief, Hancock filed an affidavit in which he represented that at the initial appearance, he pled not guilty and informed the municipal court that he would retain private counsel.  The affidavit also states that at a

2

later date Hancock returned to court and requested court-appointed counsel, which he was denied because it was too late. On the day set for trial, June 2, 1999, Hancock pled guilty to the DUI charge.

¶7 The District Court conducted a hearing on October 21, 2013, to assess Hancock's assertions regarding the 1999 DUI conviction. Both Hancock and the Hon. Nancy Luth, who presided over Hancock's 1999 trial, testified. The 1999 proceeding was set in municipal court, which was not a court of record at the time. However, there was a docket sheet with minutes from the initial appearance; Judge Luth explained that the docket sheet indicated that Hancock was advised of his rights. Hancock confirms that he declined a court-appointed attorney at that appearance. There is no record that Hancock requested an attorney following the initial appearance. Judge Luth testified that it was her general practice to grant a request for a court-appointed attorney unless the request was made on the day of trial and thereby requiring that the trial be postponed.

¶8 On November 7, 2013, the District Court denied Hancock's motion to dismiss the 1999 DUI conviction. Hancock pled guilty to the offense of "operation of noncommercial vehicle by person with alcohol concentration of 0.08 or more," pursuant to § 61-8-406, MCA, reserving his right to appeal the denial of his motion to dismiss.

## STANDARD OF REVIEW

¶9 The issue concerning the use of prior convictions to support a felony charge of DUI is a question of law and is reviewed de novo. *State v. Maine*, 2011 MT 90, ¶ 12, 360

3

Mont. 182, 255 P.3d 64.  The district court's factual findings regarding the validity of a prior conviction are reviewed under the clearly erroneous standard.  *Maine*, ¶ 12.

## DISCUSSION

¶10     *Issue one:  Did the District Court err by denying Hancock's motion to dismiss a DUI conviction based on his claim that his 1999 DUI conviction, used to support the felony charge, was constitutionally infirm?*

¶11     The State may not rely on a constitutionally infirm conviction for sentence enhancement purposes because doing so violates a defendant's due process rights.  *State v. Haas*, 2011 MT 296, ¶ 14, 363 Mont. 8, 265 P.3d 1221 (internal citations omitted).  In *State v. Okland*, 283 Mont. 10, 941 P.2d 431 (1997), we outlined a procedural framework for assessing collateral challenges to previous convictions.  *Okland*, 283 Mont. at 18, 941 P.2d at 436.  The framework establishes that a "presumption of [validity] attaches to a prior conviction during a collateral [challenge]" and a defendant who raises the constitutional validity of the prior conviction "has the burden of producing direct evidence of its invalidity."  *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶12     In *State v. Howard*, 2002 MT 276, ¶ 3, 312 Mont. 359, 59 P.3d 1075, and *State v. Walker*, 2008 MT 244, ¶ 14, 344 Mont. 477, 188 P.3d 1069, we held that an unequivocal statement in the form of a sworn affidavit is sufficient direct evidence to overcome the presumption of validity.  Nevertheless, the defendant has the ultimate burden of proof to both produce and persuade "by a preponderance of the evidence that the conviction is invalid."  *Maine*, ¶ 12.  Consequently

> to meet his or her burden of proof, [he or she] may not simply point to an ambiguous or silent record, but must come forward with affirmative

4

evidence establishing that the prior conviction was obtained in violation of the Constitution. Self-serving statements by the defendant that his or her conviction is infirm are insufficient to overcome the presumption of regularity and bar the use of the conviction for enhancement.

*Maine*, ¶ 34. A defendant's affidavit merely alleging the unconstitutionality of a previous conviction is not sufficient to rebut the presumption of validity of the conviction. *State v. Nixon,* 2012 MT 316, ¶ 19, 367 Mont. 495, 291 P.3d 1154.

¶13 The District Court correctly applied this standard in considering Hancock's 1999 DUI conviction. The District Court held an evidentiary hearing during which both Hancock and Judge Luth testified about events prior to the 1999 DUI conviction. In 1999, the Municipal Court in Great Falls was not a court of record. The District Court had to rely on the credibility of the witnesses testifying about the events that occurred 14 years earlier.

¶14 Hancock testified that he saw Judge Luth prior to trial and requested court-appointed counsel. However, according to Hancock, his request for counsel was denied because he was too late in making the request. Judge Luth testified that she had no recollection of Hancock but she presented what she considered the likely course of events based on her experience and custom as municipal court judge for 25 years. Hancock does not dispute that he was advised of his rights and that he initially declined a court-appointed attorney. There are no court records that suggest that he, at a later time, requested an attorney. Judge Luth testified that it is unlikely that he appeared prior to his trial date to request an attorney, and that it is her common practice to appoint counsel if requested prior to the date of trial. In light of Judge Luth's testimony, we are not

5

convinced by Hancock's assertions in his affidavit and testimony that he timely requested appointment of counsel. Hancock has not satisfied his burden of proof. *Nixon*, ¶¶ 20-21. Given the testimony and evidence presented by Hancock to the District Court at the hearing, we cannot conclude that the court's factual findings constitute clear error.

¶15 *Issue Two: Did the District Court err by stating that Hancock was convicted of a DUI rather than a DUI per se?*

¶16 Pursuant to § 46-20-703, MCA, this Court may "modify the judgment or order" that originated the appeal. We have in the past directed the district court to correct clerical errors in the record. *State v. Goff*, 2011 MT 6, ¶¶ 32-33, 359 Mont. 107, 247 P.3d 715. In this case, we note that there is a difference between the offense to which Hancock pled and the offense stated in the District Court's judgment. Although it has no bearing upon the integrity of the felony conviction pursuant to § 61-8-731, MCA, Hancock technically pled to a DUI per se pursuant to § 61-8-406, MCA, as his fourth offense. Thus, to avoid any confusion and future litigation, we remand this cause to the District Court with instructions to amend the judgment so that it states the correct offense for which Hancock was convicted.

¶17 We affirm the order of the District Court and remand for further proceedings consistent with this Opinion.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

6