FILED

May 31 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0782

DA 15-0782

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2016 MT 130

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANNE HISLOP,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 15-37(B)
Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Anne Hislop, self-represented; Coram, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General; Helena, Montana

      Edward J. Corrigan, Flathead County Attorney; Kalispell, Montana

Submitted on Briefs:  May 11, 2016

Decided:  May 31, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Anne Hislop (Hislop) appeals from the denial of a motion to dismiss an aggravated DUI charge entered by the Flathead County Justice Court and affirmed by the Eleventh Judicial District Court, Flathead County.  We affirm.

¶2    We address the following issue:

*Did Hislop's aggravated DUI conviction violate the prohibition on ex post facto laws?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    In 2007, Hislop's license was suspended because she declined to submit to the preliminary alcohol screening test after being arrested for DUI.  Ultimately, she was acquitted of the criminal charge after trial.

¶4    In 2011, the Montana Legislature enacted § 61-8-465, MCA, the aggravated DUI statute.  Section 61-8-465, MCA, provides that a person commits aggravated DUI if the person operates a vehicle under the influence of alcohol and refuses to provide a breath or blood sample as required under § 61-8-402, MCA, the implied consent law, and has had his or her license suspended for a prior refusal to provide a breath or blood sample under § 61-8-402, MCA, within ten years of the current offense.  Section 61-8-465(1)(d), MCA.

¶5    In 2013, Hislop was arrested for DUI.  Hislop did not provide a breath or blood sample as required under § 61-8-402, MCA.  Hislop was charged with aggravated DUI based on her 2007 refusal to submit a breath or blood test.  Hislop filed a motion to dismiss the charge on the ground it violated the prohibition on *ex post facto* laws.  The Justice Court denied the motion, reasoning that if Hislop were convicted she would be

2

punished for her 2013 conduct—committing DUI and refusing a breath or blood test after having refused a breath or blood test within the last ten years—rather than her 2007 conduct of refusing a breath or blood test. The jury convicted Hislop of aggravated DUI.

¶6 Hislop appealed the denial of her motion to dismiss to the District Court. The District Court affirmed the Justice Court, agreeing the conviction did not violate the prohibition on *ex post facto* laws. Hislop appeals.

## STANDARD OF REVIEW

¶7 This Court's review of constitutional issues is plenary. *State v. Johnson*, 2015 MT 221, ¶ 10, 380 Mont. 198, 356 P.3d 438.

## DISCUSSION

¶8 *Did Hislop's aggravated DUI conviction violate the prohibition on ex post facto laws?*

¶9 Hislop argues that her conviction for aggravated DUI violates the prohibition on *ex post facto* laws because her conviction relied upon the suspension of her driver's license following her 2007 refusal to submit to a test, which predated the enactment of the aggravated DUI statute. The State argues Hislop's conviction is not an *ex post facto* application of the aggravated DUI statute because Hislop was punished for conduct that occurred in 2013 after the enactment of the aggravated DUI statute. We agree with the State.

¶10 Both the federal and Montana constitutions prohibit the *ex post facto* application of laws. U.S. Const. Art. I, § 10; Mont. Const. art. II, § 31. A criminal law is *ex post facto* if it (1) punishes as a crime an act that was not unlawful when committed;

3

(2) makes punishment for a crime more burdensome; or (3) deprives a person charged with a crime of any defense available under the law at the time the act was committed. *State v. Mount*, 2003 MT 275, ¶¶ 24-25, 317 Mont. 481, 78 P.3d 829. Banning *ex post facto* legislation serves two purposes: entitling people to a fair warning of what conduct is punishable and preventing federal and state governments from passing arbitrary and potentially vindictive laws. *State v. Brander*, 280 Mont. 148, 153, 930 P.2d 31, 35 (1996).

¶11 Hislop argues that § 61-8-465(1)(d), MCA, falls into the first of the above-referenced three categories of *ex post facto* laws because it punished her criminally for an act that was previously punished civilly. However, license revocation due to refusal to submit to a breath or blood test remains a civil sanction, not a crime. *See In re Burnham*, 217 Mont. 513, 518, 705 P.2d 603, 607 (1985). Hislop is not being punished for her refusal to submit to a breath or blood test in 2007. Instead, Hislop is being punished for driving under the influence of alcohol and refusing a breath or blood test when she had her license suspended for refusing a breath or blood test within the last ten years. The Legislature gave Hislop "fair warning" that this conduct was punishable two years prior to her actions. *Brander*, 280 Mont. at 153, 930 P.2d at 35. Hislop's act was therefore unlawful when it was committed.

¶12 Hislop argues in the alternative that § 61-8-465(1)(d), MCA, falls into the second category of *ex post facto* laws because it increased the punishment for her 2007 refusal to

4

submit to a breath or blood test.[1]  However, a law's reliance on prior behavior that occurred before the law was passed does not violate the prohibition on *ex post facto* laws where the law punishes conduct that occurs after the law was passed. *See Brander*, 280 Mont. at 154, 930 P.2d at 35 ("[S]imply because a statute operates on events antecedent to its effective date does not make the statute *ex post facto*, nor does such operation make a law prohibitively retroactive."). Because § 61-8-465(1)(d), MCA, merely takes into account Hislop's 2007 behavior while punishing her 2013 conduct, it does not constitute *ex post facto* legislation.

¶13     Affirmed.


/S/ JIM RICE


We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

---

[1] Hislop's arguments are somewhat inconsistent in that she argues a license revocation is a civil sanction as applied to the first category of *ex post facto* laws, but is a criminal punishment as applied to the second category of *ex post facto* laws.

5