FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0287

DA 15-0287

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 288

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARTE ALBERT KREBS,

      Defendant and Appellant.

| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DC 14-442 Honorable Michael G. Moses, Presiding Judge |
|---|---|

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Melissa Schlichting, Assistant Attorney General, Helena, Montana

            Scott D. Twito, Brett D. Linneweber, Deputy County Attorney, Billings, Montana

Submitted on Briefs: October 5, 2016

Decided: November 15 2016

Filed:

_____
                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Marte Krebs and the State contest whether one of Krebs's prior convictions is a "qualifying conviction" that allowed the State to charge him with a felony for his most recent driving under the influence (DUI) violation.  Krebs challenged the prior conviction's applicability, arguing that the State failed to meet its burden of showing that the prior conviction could be used to enhance the penalty for his conviction to a felony. The District Court disagreed and imposed a felony sentence.

¶2     We reverse because the State had the burden of demonstrating the existence of qualifying convictions for purposes of enhancing Krebs's penalty to a felony DUI and did not meet it.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     The State charged Krebs with felony DUI in June 2014.  The probable cause affidavit alleged that Krebs had three prior DUI convictions—two from North Dakota in 1988 and 2006, and one from Montana in 1991.  Krebs filed a motion challenging the 1988 North Dakota conviction's applicability, arguing that the 1988 conviction should not qualify as a conviction sufficient to enhance the penalty for his 2014 charge to a felony.

¶4     Krebs contended that the State bore the burden to prove that the 1988 conviction was a qualifying conviction.  Krebs maintained that it was impossible to determine whether the 1988 conviction was a "blood alcohol concentration" (BAC) conviction or an "under the influence" conviction because, under North Dakota's statutory framework, the

same statute governed both offenses. In contrast, there are distinct Montana statutes that govern BAC convictions and "under the influence" convictions. Krebs asserted that it was the State's burden to prove whether the 1988 conviction was an "under the influence" conviction or a BAC conviction. If the 1988 conviction was a BAC conviction, Krebs asserted that it would have been expunged under Montana law. Alternatively, if it were an "under the influence" conviction, Krebs contended that it could not count as a qualifying conviction pursuant to § 61-8-734, MCA, because it was not a substantially similar offense given the differences between North Dakota's and Montana's definitions of "under the influence."

¶5 The State countered that Krebs bore the burden to prove whether the 1988 conviction was an "under the influence" or a BAC conviction. Prior to hearing Krebs's motion, the District Court requested supplemental information regarding the nature of the 1988 conviction. Both parties agreed that the register of actions from the North Dakota court was the only documentation available, as the court file had been destroyed. The register showed only that Krebs had been convicted of DUI; it did not indicate whether the 1988 conviction was an "under the influence" or a BAC conviction.

¶6 The District Court denied Krebs's motion following a hearing. The court concluded that it was Krebs's burden to prove the nature of the 1988 conviction. Because Krebs failed to show that the 1988 conviction was expunged from his record, the District Court concluded that the 1988 conviction could be used to support the felony charge. Krebs pleaded guilty to the felony, reserving his right to appeal the denial of his motion.

3

## STANDARD OF REVIEW

¶7 Whether a prior conviction may be used to enhance a criminal sentence is a question of law that we review for correctness. *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944; *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64.

## DISCUSSION

¶8 *Whether the State is required to prove the existence of a qualifying conviction in order to treat an alleged fourth DUI offense as a felony.*

¶9 The District Court treated Krebs's motion as a motion to dismiss. The court acknowledged that "[t]he record is inadequate to provide the Court with sufficient information as to whether [Krebs's 1988 conviction] was a BAC conviction or an 'under the influence' conviction." In addition, the court agreed with Krebs that if his 1988 conviction was a BAC conviction, it would have been expunged from his record and therefore it would not count for sentence enhancement purposes. The court concluded, however, that the burden was on Krebs to provide the court "with sufficient information supporting any argument that his 1988 DUI conviction was a BAC conviction." In doing so, the court relied on the procedural framework we established in *Maine* to evaluate collateral challenges to prior convictions. Because Krebs failed to meet the burden imposed by *Maine*, the District Court concluded that the 1988 conviction was valid for enhancing his 2014 charge to felony DUI.

¶10 On appeal, the State agrees that if the 1988 conviction had been a BAC conviction, it would not qualify as a conviction for purposes of enhancing the new DUI to felony status. Relying exclusively on *Maine*, the State contends that it was Krebs's "burden to

4

produce direct evidence that the prior conviction is invalid." (Quoting *Maine*, ¶ 12). The State contends further that it provided sufficient evidence of Krebs's 1988 conviction by introducing the North Dakota court's register of actions. Because Krebs was the moving party, and he "only disputed the type of DUI conviction," the State argues that the "burden of proof clearly" remained with him.

¶11 The District Court's and the State's reliance on *Maine* is misplaced. In *Maine*, the defendant argued that a prior DUI conviction used to enhance his conviction to felony DUI was "constitutionally infirm" and was therefore invalid. *Maine*, ¶ 35. Our purpose in *Maine* was "to clarify the procedure on *these sorts of collateral attacks* on prior convictions." *Maine*, ¶ 17 (emphasis added). We grounded our analysis in the well-established principle that a constitutionally infirm conviction may not be used to support an enhanced punishment. *Maine*, ¶¶ 28, 33. We recognized also that the State has an interest "in deterring habitual offenders" and "in the finality of convictions." *Maine*, ¶ 29.

¶12 Balancing these interests, we concluded that "a rebuttable presumption of regularity attaches to [a] prior conviction, and we presume that the convicting court complied with the law in all respects." *Maine*, ¶ 33. We held therefore that when a defendant collaterally attacks the validity of a prior conviction on the ground that the conviction is constitutionally infirm, the defendant bears the "initial burden to demonstrate that the prior conviction is constitutionally infirm." *Maine*, ¶ 33. In other words, under *Maine*, it is the defendant "who must prove by a preponderance of the evidence that the conviction is *invalid*." *Maine*, ¶ 34 (emphasis in original). Imposing

5

the burden of proving the prior conviction's constitutional infirmity on the defendant does not violate due process "once [the] state *proves the fact* of a prior conviction." *State v. Okland*, 283 Mont. 10, 17, 941 P.2d 431, 435 (1997) (citing *Parke v. Raley*, 506 U.S. 20, 29, 113 S. Ct. 517, 523 (1992)) (emphasis added). We have applied the *Maine* framework consistently in cases where a defendant attempts this type of collateral attack on a prior DUI conviction. *E.g.*, *State v. Hancock*, 2016 MT 21, 382 Mont. 141, 364 P.3d 1258; *State v. Johnson*, 2015 MT 221, 380 Mont. 198, 356 P.3d 438; *State v. Nixon*, 2012 MT 316, 367 Mont. 495, 291 P.3d 1154.

¶13 But here, Krebs admits that he was validly convicted in 1988. He is not questioning whether the North Dakota court complied with the law or violated his constitutional rights. Rather, he is asserting that the State had the burden of proving the fact that the 1988 conviction qualified as a predicate for the felony charge in this case.

¶14 Montana's statutory framework establishes separate offenses for driving under the influence and for driving with excessive blood alcohol concentration. Sections 61-8-401, -406, MCA. After three qualifying convictions, a defendant convicted of a fourth or subsequent offense is guilty of a felony and subject to an enhanced penalty. Section 61-8-731(1), MCA. Under current law, "all previous convictions," whether "under the influence" or BAC, "must be used for sentencing purposes" no matter when they occurred. Section 61-8-734(1)(b)-(c), MCA.

¶15 Under the law in effect at the time of Krebs's 1988 conviction, however, a person's prior BAC conviction would be "expunged from the defendant's record" if he or she did not receive another BAC conviction within five years. *State v. Sidmore*,

6

286 Mont. 218, 227, 951 P.2d 558, 564 (1997) (quoting § 61-8-722(6), MCA (1989)). This remained true even if the person received an "under the influence" conviction within five years of receiving a BAC conviction. *Sidmore*, 286 Mont. at 227, 951 P.2d at 564. Thus, a BAC conviction that was not followed by another BAC conviction within that five-year period could not "be counted to support [a] charge of felony DUI." *Sidmore*, 286 Mont. at 227, 951 P.2d at 564; *accord State v. Beckman*, 284 Mont. 459, 466, 944 P.2d 756, 761 (1997); *State v. Cooney*, 284 Mont. 500, 508, 945 P.2d 891, 895 (1997); *State v. Brander*, 280 Mont. 148, 155, 930 P.2d 31, 36 (1996).

¶16     The parties do not dispute that if Krebs's 1988 conviction was a BAC conviction, it could not have been used to support a felony charge under § 61-8-731, MCA, because he did not receive another BAC conviction in the subsequent five years. The parties do dispute, however, who bears the burden of proving whether a prior conviction qualifies as a "conviction" that may be used to support felony enhancement.

¶17     As noted, in order to be sentenced for felony DUI, a person must have four or more qualifying convictions. Section 61-8-731, MCA; *Sidmore*, 286 Mont. at 227, 951 P.2d at 564. Analogous are the statutes governing persistent felony offenders, which require that an offender have two or more qualifying felony convictions. Section 46-18-501, MCA. In both instances, prior convictions are considered at sentencing. *State v. Nelson*, 178 Mont. 280, 284, 583 P.2d 435, 437 (1978) (concluding that the State had to present evidence of prior DUI convictions at sentencing, not at a defendant's trial for third DUI); § 46-18-502, MCA ("Sentencing of persistent felony offender"). We have analogized sentencing procedures for multiple DUI convictions to the sentencing

7

procedures for repeat felony offenders in the past. *Nelson*, 178 Mont. at 284, 583 P.2d at 437.

¶18 In the persistent felony offender context, we have concluded that "in order to present evidence of a prior conviction in a sentencing proceeding there must be *competent proof* that the defendant in fact suffered the prior conviction." *State v. Lamere*, 202 Mont. 313, 321, 658 P.2d 376, 380 (1983) (citing *State v. Cooper*, 158 Mont. 102, 489 P.2d 99 (1971)) (emphasis in original); *accord State v. Farnsworth*, 240 Mont. 328, 334, 783 P.2d 1365, 1369 (1989) (concluding that the "District Court relied on competent evidence . . . to establish the requirements of the persistent felony offender statute"); *State v. Smith*, 232 Mont. 156, 160, 755 P.2d 569, 571-72 (1988) (agreeing that "because the Court relied on competent evidence in sentencing [the defendant]," the court properly sentenced the defendant as a persistent felony offender). Requiring competent proof of a prior conviction "has nothing to do with the validity of the conviction." *Cooper*, 158 Mont. at 109, 489 P.2d at 103.

¶19 As demonstrated above, Krebs is not challenging the 1988 conviction's validity; he is challenging whether the 1988 conviction may be used to enhance his penalty to felony status. It is the State's burden to "prove[ ] the fact of a prior conviction." *See Okland*, 283 Mont. at 17, 941 P.2d at 435. And the State must do so by presenting "*competent proof* that the defendant in fact suffered the prior conviction." *Lamere*, 202 Mont. at 321, 658 P.2d at 380. The District Court acknowledged that "[t]he record is inadequate to provide the Court with sufficient information as to whether [Krebs's 1988 conviction] was a BAC conviction or an 'under the influence' conviction." An

8

"inadequate record" cannot be competent proof that Krebs in fact suffered a prior conviction that would qualify to enhance his penalty to a felony.

¶20 We conclude that the State bore the burden to prove that the 1988 conviction could be used to support its felony charge against Krebs and that the State failed to meet this burden. Accordingly, we reverse the District Court's order.

¶21 Because our resolution of this issue is dispositive, we need not address whether North Dakota's and Montana's definitions of "under the influence" are substantially similar.

## CONCLUSION

¶22 We reverse and remand to the District Court for further proceedings consistent with this Opinion.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT