FILED

08/15/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0536

DA 15-0536

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 200N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

EMMETT LEE FARR III,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. ADC 14-268 Honorable Gregory G. Pinski, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Deborah S. Smith, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

                John W. Parker, Cascade County Attorney, Valerie M. Winfield, Deputy County Attorney, Great Falls, Montana

                Submitted on Briefs: May 17, 2017

                          Decided: August 15, 2017

Filed:

                          _____

                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Emmett Lee Farr III (Farr) appeals his conviction for Driving Under the Influence (DUI), Fourth or Subsequent Offense, a felony in violation of § 61-8-401, MCA (2013). We affirm.

¶3 Farr was arrested on June 14, 2014, for DUI in Great Falls, Montana. Law enforcement discovered that Farr had previously been convicted of DUI in Georgia on four prior occasions: January 26, 1995; June 22, 1994; February 13, 1989; and July 22, 1986. Farr was charged with felony DUI.

¶4 On December 26, 2014, Farr moved to dismiss the felony DUI count, arguing that his DUI should have been charged as a misdemeanor because the Georgia and Montana statutes are dissimilar and thus the Georgia statute may not be used for sentencing enhancement. Farr's primary contention was that Georgia's DUI statute contained a subsection that had no counterpart in Montana's statute at the time of Farr's Georgia conviction—specifically Ga. Code Ann. § 40-6-391(a)(5) (1993), which prohibits driving or being in actual physical control of a vehicle while "there is any amount of marijuana or a controlled substance . . . present in the person's blood or urine, or both . . . ." On appeal, Farr also maintains that the State failed to meet its burden of establishing the

specific subsection of the Georgia statute under which he was convicted. It appears the District Court struggled with discerning Farr's arguments. At a hearing held January 14, 2015, on Farr's motion to dismiss the felony count, the following exchange occurred between defense counsel and the District Court:

> THE COURT: And so the provision that he was convicted under, [(a)(1)], is almost identical to the provision that exists in Montana law, which also just coincidentally happens to be Subsection (1)(a) of Montana's statute. Those two are virtually indistinguishable from one another.

> MR. [V]an [D]er HAGEN: And I agree with the Court on that. We concede that point. We're not arguing that point. My point is this: the way -- the statute has to be read as a whole.

> THE COURT: Okay

¶5 The District Court denied Farr's motion to dismiss, concluding that Farr was convicted pursuant to the subsection of Georgia's DUI statute pertaining to alcohol, not marijuana, and that the relevant portions of Georgia's and Montana's statutes relating to alcohol were similar and could therefore be used for sentencing enhancement.

¶6 On May 11, 2015, Farr entered a plea of guilty to the felony DUI charge, reserving his right to appeal the denial of his motion to dismiss. At the change of plea hearing, Farr's attorney reiterated Farr's right to contest the Court's consideration of Farr's prior DUI conviction in Georgia stating "there's some issue about the dates and time, Your Honor. But he's got three prior DUIs [sic] convictions. We're not disputing that." Farr was sentenced on July 1, 2015, following preparation of a Presentence Investigation Report (PSI), in which Farr told Probation Officer Reginald Voiles, who prepared the PSI, that he had never used any type of illegal drugs. At no point during the court's

3

proceedings did Farr state that his DUI conviction was for anything other than an alcohol-type DUI. The District Court imposed a thirteen-month commitment to the Department of Corrections for placement in an appropriate treatment facility, followed by a three-year suspended sentence to run consecutive to the thirteen-month commitment.

¶7 We review criminal sentences for legality. *State v. Weldele*, 2003 MT 117, ¶ 34, 315 Mont. 452, 69 P.3d 1162. Whether a prior conviction can be used to enhance a criminal sentence is a question of law subject to de novo review for correctness. *State v. McNally*, 2002 MT 160, ¶ 5, 310 Mont. 396, 50 P.3d 1080.

¶8 Section 61-8-734(1), MCA, sets forth the relevant requirements for determining the number of prior convictions for purposes of DUI enhancement. "Conviction" includes a "conviction for a violation of a similar statute or regulation in another state." Section 61-8-734(1)(a), MCA. When an offender is charged with a fourth or subsequent offense, all previous convictions may be used for sentencing purposes. Section 61-8-734(1)(b), MCA. We recently explained that it is the State's burden of proof to show the existence of prior convictions that would support sentencing enhancement. *State v. Krebs*, 2016 MT 288, ¶ 20, 385 Mont. 328, 384 P.3d 98.

¶9 Farr, through his own statements and through counsel, admitted to the District Court that he had been convicted of at least three previous alcohol-type DUI offenses. The District Court found that Farr had been convicted on at least three prior occasions pursuant to Ga. Code Ann. § 40-6-391(a)(1) (1993), which provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive." Montana's

statute, in comparison, provides: "[I]t is unlawful and punishable . . . for a person who is under the influence of: (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401(a), MCA (1993). Montana defines "under the influence" to mean that "as a result of taking into the body alcohol . . . a person's ability to safely operate a vehicle has been diminished." Section 61-8-401(3), MCA (1993). These statutory provisions define identical offenses.

¶10 As is demonstrated by the exchange between defense counsel and the court during the hearing on Farr's motion to dismiss, Farr conceded he was convicted pursuant to Ga. Code Ann. § 40-6-391(a)(1) (1993). Farr's only challenge, therefore, was to the statute "as a whole," because the Georgia statute allowed for a DUI conviction based on the presence of marijuana or a controlled dangerous substance in a person's blood, and Montana's comparable statute did not. Farr's argument is not convincing. While Georgia's statute may have allowed for a DUI conviction based on the presence of a controlled dangerous substance that Montana's, at the time, did not, Farr was not convicted of DUI for use of a controlled dangerous substance. Farr's prior convictions were for impairment due to alcohol, under virtually identical subsections of each state's statutes.

¶11 Despite Farr's concessions, he attacks the sufficiency of the State's proof, arguing that the State's records were inconsistent, inexact as to dates of conviction, and insufficient for use pursuant to Montana's expungement law. However, upon close examination of the record, we discern that the only issue Farr has properly preserved for appeal is whether Georgia's inclusion of a DUI offense related to a controlled dangerous

5

substance rendered it different from Montana's for purposes of Farr's convictions. A defendant may preserve the right to appeal from a judgment on any specific pretrial motion. Section 46-12-204(3), MCA. Absent preservation, a voluntary and knowing plea of guilty is a waiver of non-jurisdictional defects and defenses, including claims of constitutional violations that occur prior to the plea. *Hardin v. State*, 2006 MT 272, ¶ 23, 334 Mont. 204, 146 P.3d 747. Based upon Farr's concessions, we discern from the record that the only issue preserved was his claim that the statutes were dissimilar based on the Georgia statute's subsection related to the presence of a controlled dangerous substance in a person's blood—a dissimilarity which we conclude is not relevant to Farr's prior convictions. Accordingly, Farr has not preserved for review his claim that the State failed to meet its burden of proof by presenting evidence of at least three valid prior convictions pursuant to a statute that was similar to Montana's.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶13 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE